IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOCK WESTBROOKS, | |
| Plaintiff, | |
| v. | No. 20-cv-04865 |
| INV. ANSTED #119, INV. McCARTER #963, INV. WASHINGTON #774, INV. DEVOGELVEAR #738, COOK COUNTY, and SHERIFF THOMAS J. DART, in his official capacity, | Judge John F. Kness |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case concerns a traffic stop by law enforcement during which certain investigators are alleged to have planted evidence again Plaintiff. In an amended complaint, Plaintiff asserts that Defendants' conduct violated Section 1983 and various state tort law doctrines. Now before the Court is Defendants' Motion to Dismiss Count VII (*per se* libel and slander) and Count IX (*respondeat superior*) of Plaintiff's Second Amended Complaint. For the reasons that follow, Defendants' motion to dismiss is granted in part and denied in part.

Defendants' motion to dismiss Count VII is denied to the extent it asserts that the words of the amended complaint fail to set forth a viable claim; it is granted as to any statements Defendants made to law enforcement for the purpose of conducting legal proceedings because those statements were absolutely privileged under state law. Count VII is also dismissed as to Defendants McCarter, Washington, and

Devogelvear, who are protected by qualified immunity. Count VII may, however, proceed against Defendant Ansted to the extent Plaintiff relies on Defendant Ansted's allegedly defamatory statements. Finally, the motion to dismiss Count IX is denied because it appropriately relates back to Plaintiff's original complaint.

I.     BACKGROUND

On November 5, 2019, Plaintiff Jock Westbrooks was driving a vehicle in Ford Heights, Illinois. (Dkt. 25 ¶ 11.) As set forth in the Second Amended Complaint, Defendant Investigator Ansted (Star #119), Defendant Investigator McCarter (Star #963), Defendant Investigator Washington (Star #774), and Defendant Investigator Devogelvear[1] (Star #738) (together the "Investigator Defendants"), all of whom were employed as investigators by the Cook County Sheriff's Office, "stopped, detained, and searched" Plaintiff. (*Id.* ¶¶ 4–7; 12.) Plaintiff asserts that, because he was not violating any local, state, or federal law at the time, the stop was effected "without probable cause or any reasonable belief that criminal activity was afoot" and as the consequence of the Investigator Defendants "acting in concert" with one another. (*Id.* ¶¶ 12, 13.)

Plaintiff alleges that, as his vehicle was being searched, Defendant Ansted dropped a small packet of a controlled substance onto the floor of Plaintiff's vehicle. (*Id.* ¶ 14.) Defendant Ansted then announced to the other Investigator Defendants

---

[1] The pleadings inconsistently spell this Defendant's name either as "Devogelvear" or "Devogelear." For consistency across this Memorandum Opinion and Order, the Court will use the first spelling of "Devogelvear," which appears to be more commonly used in the parties' pleadings and briefings.

2

that he had found unlawful controlled substances in Plaintiff's vehicle. (*Id.*) Plaintiff states that Defendant Ansted's actions were recorded on his body cam. (*Id.*)

At that point, the Investigator Defendants arrested Plaintiff on a charge of possessing a controlled substance. (*Id.* ¶ 15.) Plaintiff alleges that he was "treated roughly" by the Investigator Defendants and "sustained physical injury" as a result. (*Id.*) Plaintiff was held in custody for twenty-one hours before being released. (*Id.* ¶ 16.) Plaintiff states that he went to court to defend himself from this charge, where he demanded production of the body cam recording. (*Id.* ¶¶ 17, 18.) Plaintiff alleges that the attorney prosecuting the case refused to produce the footage and instead dismissed all charges against Plaintiff. (*Id.* ¶ 19.)

Plaintiff now brings this Section 1983 lawsuit against the Investigator Defendants in their individual capacities; Defendant Cook County, specifically its Cook County Sheriff's Office department; and Thomas J. Dart, Sheriff of Cook County, in his official capacity. (*See* Dkt. 25 (Second Amended Complaint).) In a joint motion, the Investigator Defendants and Defendant Dart move to dismiss Counts VII and IX of the Second Amended Complaint. (Dkt. 27.) Count VII alleges a state law claim of *per se* slander and libel against the Investigator Defendants. (Dkt. 25 ¶¶ 40–48.) Count IX alleges a state law *respondeat superior* claim against Defendant Dart. (*Id.* ¶¶ 52–54.) Defendants argue that Count VII fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and that the Investigator Defendants are entitled to immunity. (Dkt. 27 at 3–10.) Defendants argue that Count IX must be dismissed because it is barred by the statute of limitations. (*Id.* at 10–13.)

## II. STANDARD OF REVIEW

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). As the Seventh Circuit has emphasized, a plaintiff need not "lay out every element or ingredient" of a claim to survive a Rule 12(b)(6) motion. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1336 (7th Cir. 2024). Such "details and proof" come later, and all a plaintiff must do is "state a grievance." *Id.* at 1338. In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

## III. DISCUSSION

### A. Count VII—Failure to State a Claim

In Count VII, Plaintiff alleges *per se* slander and libel against the Investigator Defendants. (Dkt. 25 ¶¶ 40–48.) Defendants move to dismiss this Count and first

4

argue that Plaintiff has not sufficiently alleged a claim for *per se* libel and slander. Under Illinois law, a statement is considered *per se* defamatory if its "defamatory character is obvious and apparent on its face." *DeNicolo v. Hubbard Radio Chi., LLC*, No. 21-cv-6292, 2022 WL 17251278, at *3 (N.D. Ill. Nov. 28, 2022) (quoting *Bd. of Forensic Document Examiners, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 831–32 (7th Cir. 2019)). A plaintiff making a claim for *per se* defamation must allege facts "showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Osumdairo v. Glandian*, 591 F. Supp. 3d 353, 357 (N.D. Ill. 2022) (quoting *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009)). Any act by which "defamatory matter is communicated to someone other than the person defamed is a publication." *Doctor's Data, Inc. v. Barrett*, 170 F. Supp. 3d 1087, 1137 (N.D. Ill. 2016) (quoting *Missner v. Clifford*, 914 N.E.2d 540, 552 (Ill. 2009)). One of the five categories of statements recognized by Illinois to be *per se* defamatory is, as alleged here, words "that impute a person has committed a crime." *Green*, 917 N.E.2d at 459.

Defendants contend that a *per se* defamation claim must be pleaded with a "heightened level of precision and particularity." (Dkt. 27 at 4 (quoting *Keen v. Bluestar Energy Servs., Inc.*, No. 11 C 7754, 2012 WL 1118215, at *4 (N.D. Ill. Mar. 30, 2012)).) Under this heightened standard, Defendants argue that Plaintiff has not alleged detailed facts that plausibly show the Investigator Defendants made false statements about Plaintiff and published those statements to a third party. (*Id.* (quoting *Osundairo v. Geragos*, 447 F. Supp. 3d 727, 737 (N.D. Ill. 2020)).)

5

In support of their argument that they neither made false statements nor published them, Defendants rely, inversely, on *Adams v. Adkins*, a 1998 defamation action where the court in fact denied the defendants' motion to dismiss a defamation claim. (Dkt. 27 at 5–6.) *Adams v. Adkins*, No. 97 C 5981, 1998 WL 111632 (N.D. Ill. Mar. 6, 1998). Defendants distinguish *Adams* and contend that, unlike the *Adams* plaintiff, Plaintiff here did not "assert facts concerning the content of the false allegations and the act of publishing the false allegations." (Dkt. 27 at 6.)

But, as Plaintiff points out, *Adams* also held that the plaintiff's allegations about verbal statements and statements in police reports were sufficient to assert plausible defamation claims. (Dkt. 31 at 3.) *See Adams*, 1998 WL 111632 at *6. Under this standard, Plaintiff has sufficiently pleaded *per se* libel and slander. It is true that Plaintiff has not specified exactly what defamatory words were said, but this information is not accessible to Plaintiff without discovery. *See id*. Plaintiff's remaining allegations are sufficient at the motion to dismiss stage for this Court to infer that (1) Defendants made a false statement about Plaintiff (*see* Dkt. 25 ¶ 14 (Defendant Ansted falsely announced that he found unlawful controlled substances in Plaintiff's vehicle)); (2) Defendants published that statement to a third party (*see* Dkt. 25 ¶¶ 14, 42, 43 (Defendant Ansted made the statement verbally, Defendants shared the accusation with prosecutors, and Defendant Cook County made the accusation available in the public record)), and (3) the accusation caused Plaintiff damages (Dkt. 25 ¶¶ 17, 45, 46 (Plaintiff suffered humiliation, lower self-esteem, and a worsened reputation)). Defendant Ansted's allegedly defamatory statement, along

6

with the accusation listed on police reports, fall squarely into the category of "words that impute a person has committed a crime" recognized by Illinois as a *per se* defamatory statement. Accordingly, Plaintiff has adequately pleaded *per se* slander and libel.

### B.   Count VII—Immunity

Defendants next assert that, if this Court finds that Plaintiff plausibly stated a *per se* libel and slander claim, it must still dismiss the claim because the Investigator Defendants are protected by absolute privilege, qualified privilege, and tort immunity under an Illinois tort immunity act. These arguments are addressed in turn.

#### 1.   *Absolute Privilege*

Defendants contend that, because the purportedly defamatory statements made by the Investigator Defendants to Defendant Cook County's prosecutors were for the purpose of instituting legal proceedings, they are protected by an absolute privilege. (Dkt. 27 at 7.) Plaintiff counters that the absolute privilege cannot attach to these statements because absolute privilege is meant to permit a publisher to speak "fully and fearlessly" about a matter of social importance and in the public interest. (Dkt. 31 at 7 (quoting *Weber v. Cueto*, 568 N.E.2d 513, 516 (Ill. App. Ct. 1991)).) Plaintiff maintains that there is no social importance or public interest in permitting false police reports to be made and shared with prosecutors. (*Id.* at 8.)

Plaintiff is correct that the class of absolutely privileged communications is "narrow," limited mostly to "communications made in the discharge of a duty under

7

express authority of law." *Weber*, 568 N.E.2d at 517. But Illinois law is clear that statements made to law enforcement officials for the purpose of instituting legal proceedings fall into this "narrow" class, thus making such statements absolutely privileged. *See Shea v. Winnebago Cnty. Sheriff's Dep't*, 746 F. App'x 541, 547 (7th Cir. 2018) (quoting *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1055 (Ill. App. Ct. 2009)); *see also Vincent v. Williams*, 664 N.E.2d 650, 655 (Ill. App. Ct. 1996) ("It has long been held that statements made to law enforcement officials, for the purpose of instituting legal proceedings, are granted absolute privilege.").

Plaintiff's own allegations show that the relevant statements made by the Investigator Defendants to Cook County prosecutors were for the purpose of prosecuting Plaintiff. (*See* Dkt. 27 at 7; Dkt. 32 at 8.) Because they were made to law enforcement officials for the purpose of instituting a legal proceeding against Plaintiff, these statements are protected by absolute privilege. *See Patterson v. Burge*, 328 F. Supp. 2d 878, 902 (N.D. Ill. 2004) (the Cook County State's Attorney's office is the leader of law enforcement). Accordingly, Plaintiff's claim for *per se* slander and libel is dismissed to the extent it relies on the absolutely privileged statements the Investigator Defendants made to Cook County prosecutors for the purpose of instituting legal proceedings.

### 2. Qualified Privilege

Further at issue is whether the Investigator Defendants are protected by a qualified privilege relating to alleged defamatory statements. As the parties agree, a qualified privilege exists when a defendant can show: (1) the statement was made in

good faith; (2) the defendant had an interest or duty to uphold; (3) the statement was limited in its scope to that interest; (4) the statement was made at a proper occasion; and (5) publication was in a proper manner and only to proper parties. (Dkt. 27 at 7; Dkt. 31 at 5.) *Kuwik v. Starmark Mktg. & Admin., Inc.*, 619 N.E.2d 129, 133 (Ill. 1993). Once a qualified privilege applies, a communication is actionable only if a plaintiff "can show actual malice." *Davis v. John Crane, Inc.*, 633 N.E.2d 929, 937–38 (Ill. App. 1994). That term "looks as if it might mean 'ill will' but in fact means knowledge the statement is false or reckless disregard of whether it is false." *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 612 (7th Cir. 2013).

Defendants argue that, because any statements they made "concerned [Plaintiff's] arrest and the surrounding circumstances," the Investigator Defendants are entitled to the application of a qualified privilege. (Dkt. 27 at 8.) Plaintiff responds that, even if Defendants can establish all five elements, he has sufficiently pleaded that Investigator Defendants intentionally published false statements knowing they were false. (Dkt. 31 at 5.) Defendants first disagree with Plaintiff's contentions to the extent they include any Investigator Defendant other than Defendant Ansted, arguing that Plaintiff only alleged that Defendant Ansted planted a controlled substance. (Dkt. 32 at 4.) Defendants also argue that Plaintiff has not carried his burden to show knowledge or a reckless disregard of falsity because Plaintiff has only put forth "bare allegations that [Defendant] Ansted acted maliciously." (*Id.* at 5.)

Defendants are correct that Plaintiff's *per se* slander and libel claims cannot proceed against Investigator Defendants McCarter, Washington, and Devogelvear

9

because Plaintiff has not alleged any facts supporting that those Defendants made any statement about Plaintiff, much less an intentionally false statement or one made with actual malice. But even if Defendants could successfully establish all five elements of qualified immunity as to Defendants McCarter, Washington, and Devogelvear, Plaintiff has met his burden to show that Defendant Ansted made a statement to the other Investigator Defendants with knowledge or reckless disregard that the statement was false. For example, Plaintiff alleges that Defendant Ansted "dropped a small packet containing controlled substances" in Plaintiff's vehicle, announced "to his fellow officers that he found unlawful controlled substances," "fabricated evidence in order to arrest Plaintiff and procure Plaintiff's prosecution," and "intended to subject Plaintiff to public humiliation." (Dkt. 25 ¶¶ 41, 45.) These pleaded facts preclude a finding of qualified privilege for Defendant Ansted at this stage.

       3.    *Local Governmental and Governmental Employees Tort Immunity Act*

Defendants argue at the last that the Investigator Defendants are immune from liability under Illinois's Local Governmental and Governmental Employees Tort Immunity Act (the "Act"). Immunity under the Act is an affirmative defense. *Doe I v. Bd. of Educ. of City of Chi.*, 264 F. Supp. 849, 862 (N.D. Ill. 2019) (citing *Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 280 (Ill. 2003)). Although a plaintiff generally need not overcome an affirmative defense in a complaint, plaintiffs can "effectively plead themselves out of court by alleging facts sufficient to establish the affirmative defense in the complaint itself, and, in such cases, dismissal is appropriate." *Id.* at

10

863 (citing *Sidney Hillman Health Ctr. of Rochester v. Abbot Labs, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015)). A defendant "bears the burden of proving [the defendant] is entitled to immunity under any provision of the Act." *Id.* (citing *Van Meter*, 799 N.E.2d at 280).

Under the Act, a "public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 Ill. Comp. Stat. 10/2-202. "Willful and wanton conduct" under the Act is "a course of action [that] shows an actual or deliberate intention to cause harm" or an "utter indifference to or conscious disregard for the safety or others or their property." *Id.* at § 10/1-210. In addition, the Act protects public employees for an "injury caused by the act or omission of another person" when the employee is acting "within the scope of his employment." *Id.* at § 10/2-204.

Defendants argue that the Act protects the Investigator Defendants because they "were engaged in law enforcement functions at the time any alleged defamatory statements were made." (Dkt. 27 at 10.) Because this Court has already held that any statements made to Cook County prosecutors or for police reports are protected by absolute immunity, the only remaining statement Plaintiff alleges to be defamatory is the verbal statement made by Defendant Ansted that he found a controlled substance in Plaintiff's vehicle. Plaintiff alleges that Defendant Ansted planted a packet of controlled substances in Plaintiff's vehicle during the arrest and subsequently announced his discovery of the packet; those assertions are sufficient to plead that Defendant Ansted acted with willful and wanton conduct in conducting

11

Plaintiff's arrest. Plaintiff thus did not "plead [himself] out of court." *See Doe I*, 364 F. Supp. 3d at 862–63.

For these reasons, the Court grants in part and denies in part Defendants' motion to dismiss Count VII. Defendants' motion to dismiss Count VII for failure to state a claim under Rule 12(b)(6) under the Federal Rules of Civil Procedure is denied. Count VII will proceed against Defendant Ansted to the extent Plaintiff relies on Defendant Ansted's allegedly defamatory statements. But Count VII is dismissed to the extent Plaintiff relies on any statements the Investigator Defendants made to law enforcement for the purpose of conducting legal proceedings because those statements are absolutely privileged. Moreover, Count VII is dismissed as to the remaining Investigator Defendants (Defendants McCarter, Washington, and Devogelvear) on the basis of the qualified and tort immunities analyzed above.

### C. Count IX

In Count IX, Plaintiff alleges a *respondeat superior* claim against Defendant Dart in his official capacity. (Dkt. 25 ¶¶ 52–54.) Defendants argue that Count IX must be dismissed because Plaintiff did not assert this claim within the required one-year statute of limitations under the Act. (Dkt. 27 at 10.) Under the Act, no civil action "may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8-101(a).

Defendants argue that Plaintiff's arrest occurred on November 5, 2019, but Plaintiff did not assert a *respondeat superior* claim against Defendant Dart until

12

Plaintiff filed his second amended complaint on April 13, 2021: more than one year after the injury occurred. (Dkt. 27 at 10–11.) Plaintiff does not dispute that he raised Count IX after the one-year statute of limitations expired. (*See* Dkt. 31 at 8–11.) Plaintiff argues instead that, because Count IX relates back to Plaintiff's original complaint under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, it is not barred by the statute of limitations. (*Id.* at 8.)

Rule 15 permits an amendment to relate back to the date of the original pleading when

> (C) the amendment changes the party . . . against whom a claim is asserted . . . if . . . the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Plaintiff explains that he sent notice to the Cook County Sheriff's Office, of which Defendant Dart is the Sheriff, on February 24, 2020 advising it of the facts of Plaintiff's claim. (Dkt. 31 at 8.) Plaintiff filed the original complaint and served the named Defendants several months later. (*Id.* at 8–9.) Plaintiff states that, in February 2021, he was informed that the Cook County Sheriff's Office was an incorrect entity, after which Plaintiff filed a second amended complaint naming Defendant Dart as a party. (*Id.* at 9.) Plaintiff argues that the amendment naming Defendant Dart as a corrected party thus relates back to the original pleading under Rule 15(c)(1)(C). Defendants counter that the amendment cannot relate back because Plaintiff cannot show that Defendant Dart "knew or should have known of Plaintiff's desire to name him as a defendant." (Dkt. 32 at 9.)

13

Plaintiff's original complaint unambiguously named the Cook County Sheriff's Office as a defendant and asserted a *respondeat superior* claim against it. (Dkt. 1 at 1, 9–10.) Defendants do not dispute Plaintiff's assertion that the Cook County Sheriff's Office received notice of this claim, nor do Defendants argue that Defendant Dart would be prejudiced in defending this action. Construing the facts and allegations in Plaintiff's favor, the Court finds that with such a notice, Defendant Dart, the Sheriff of Cook County, would have known or should have known that an action may have been brought against him. It is also likely that Plaintiff mistakenly sued the wrong party and only corrected the mistake upon learning of the correct party's identity, a circumstance contemplated by Rule 15(c)(1)(C) that allows relation back. Accordingly, Count IX alleging *respondeat superior* claims against Defendant Dart relates back to the date of the original pleading and thus is not barred by the Act's one-year statute of limitations. Defendants' motion to dismiss Count IX is denied.

## IV. CONCLUSION

Defendants' motion to dismiss Count VII and Count IX is granted in part and denied in part. Defendants' motion to dismiss Count VII for failure to state a claim is denied. Count VII may proceed against Defendant Ansted to the extent Plaintiff relies on Defendant Ansted's statements. Count VII is dismissed to the extent Plaintiff relies on any statements the Investigator Defendants made to law enforcement for the purpose of conducting legal proceedings. Count VII is also dismissed as to

14

Investigator Defendants McCarter, Washington, and Devogelvear. Defendants' motion to dismiss Count IX is denied.

SO ORDERED in No. 20-cv-04865.

Date: March 25, 2025

                                              JOHN F. KNESS
                                              United States District Judge